## BRIER HILL STEEL CO. v. UNITED STATES.

### No. 44746.

Court of Claims.
June 1, 1942.

\* \* \*. \* \*

Paul Armitage, of New York City (George B. Furman, of Washington, D. C., J. C. Argetsinger, of Youngstown, Ohio, and Edward Holloway, of New York City, on the brief), for plaintiff.

J. A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This is a suit brought in the name of the Brier Hill Steel Company by John Tod, its surviving manager and trustee.

On March 1, 1923 plaintiff sold and transferred all of its assets, except the legal title to the claim here involved, to the Youngstown Sheet & Tube Company, and in 1926 the plaintiff was dissolved; but under the laws of the State of Ohio, John Tod, its surviving manager and trustee, is authorized to bring this suit in its name.

The suit is brought for the use and benefit of the Youngstown Sheet & Tube Company. While the bill of sale from plaintiff to that company excepted from the assets transferred "any claim or demand against the United States of America which under the laws thereof is nonassignable," which is the claim asserted in this suit, it was provided that plaintiff should "take all such action and do or cause to be done all such things as shall in the opinion of the Vendee be necessary or proper for, and to facilitate, the collection of the moneys due and payable, and to grow due and payable to the Vendor," and to promptly pay over to the vendee all moneys so collected. The vendee agreed to pay all costs and expenses of actions taken in order to collect said claim. This suit, therefore, is a suit brought for the sole use and benefit of the Youngstown Sheet & Tube Company. While the Brier Hill Steel Company is the nominal plaintiff, the real plaintiff is the Youngstown Sheet & Tube Company.

Plaintiff's brief raises three issues, the first of which involves interest on an amount of $686,228.71, which is a portion of an overpayment of taxes by the plaintiff for the years 1918 and 1919. This amount was applied by the Commissioner of Internal Revenue to a deficiency in taxes due by the plaintiff for the years 1916, 1917, and 1920, and assumed by the Youngstown Sheet & Tube Company under the bill of sale.

It was not determined that plaintiff owed additional taxes for 1916, 1917 and 1920 until after plaintiff had sold all of its assets to the Youngstown Sheet & Tube Company. This determination was made on February 23, 1927. On that date the Commissioner of Internal Revenue addressed a so-called sixty-day letter to the Youngstown Sheet & Tube Company proposing to assess against it, as plaintiff's transferee, a deficiency for the years 1916 to 1920, both inclusive. The Youngstown Sheet & Tube Company took an appeal to the Board of Tax Appeals. Later, on September 3, 1932, the parties entered into a stipulation filed in the Board proceedings, under which it was agreed that the Youngstown Sheet & Tube Company, as plaintiff's transferee, owed additional taxes for 1916, 1917, and 1920 in the aggregate amount of $686,228.71, and that the plaintiff had overpaid its taxes for 1918 and 1919 in the aggregate amount of $1,177,600.14.

On September 7, 1932, the Board entered its order deciding that the Youngstown Sheet & Tube Company was liable for these deficiencies.

The Commissioner used $686,228.71 of the overpayment due plaintiff to discharge the liability of the Youngstown Sheet & Tube Company for the deficiencies in taxes due by the plaintiff for the years 1916, 1917, and 1920. The plaintiff does not complain of this—in fact, it requested it—but it does complain of the amount of interest allowed on this part of the overpayment. It says that since it is entitled to the overpayments and since the Youngstown Sheet & Tube Company owed the deficiencies, that it was entitled to interest on the overpayment until it was paid; but, since after February 26, 1926 both the overpayment and the deficiencies drew interest at the same rate, it only claims interest on the overpayment up to February 26, 1926. Prior to this time overpayments drew interest but deficiencies did not.

The defendant allowed interest on this part of the overpayment from the date of

the overpayment to the due date of the taxes against which this part of the overpayment was credited.

The plaintiff says that its claim against the United States for overpayment of taxes for 1918 and 1919 was not assignable, and was not assigned, and, therefore, that it and it only was entitled to collect this overpayment and interest thereon, and that since the deficiencies for 1916, 1917, and 1920 were not assessed against it, but against the Youngstown Sheet & Tube Company, as its transferee, the Commissioner could not apply money due it to an assessment against another corporation, and allow interest only to the due date of the deficiency.

■ This position is clearly untenable. Had plaintiff not sold its assets to the Youngstown Sheet & Tube Company at the time the deficiencies were asserted for the years 1916, 1917, and 1920, it is clear that under section 614 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 463, it would have been entitled to interest on the overpayments only from the date of the overpayments to the due date of the taxes for the years 1916, 1917, and 1920, against which the overpayments were applied. Section 614 of the Revenue Act of 1928 (c. 852, 45 Stat. 791, 876) provides for 6 percent interest on overpayments as follows:

"(1) In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken * * *."

Had the Brier Hill Steel Company not transferred its assets to the Youngstown Sheet & Tube Company, there could be no question about the correctness of the Commissioner's computation of interest on that part of the overpayments which were applied to discharge the deficiencies for 1916, 1917, and 1920. Plaintiff would have been entitled to interest only until the due date of the taxes against which the overpayment was applied. The Youngstown Sheet & Tube Company acquired legal or equitable title to all of plaintiff's assets. One of its assets was this interest. The sale by plaintiff to the Youngstown Sheet & Tube Company could not create in that company a right to more interest than plaintiff was entitled to. It was entitled to interest only to the due date of the taxes against which the overpayment was applied. This has been paid.

The deficiencies for 1916, 1917, and 1920 were assessed against the Youngstown Sheet & Tube Company under section 280 of the Revenue Act of 1926, as plaintiff's transferee, but they might have been assessed against plaintiff and collected by suit against the Youngstown Sheet & Tube Company. Had this been done, it is clear that section 284 of the Revenue Act of 1926 required the overpayment for 1918 and 1919 to be credited against the deficiency for 1916, 1917, and 1920, and in this case it is clear interest on the overpayment would have been computed, under section 614 of the 1928 Act, only until the due date of the 1916, 1917, and 1920 taxes. The proposition that the assessment of the deficiencies against the Youngstown Sheet & Tube Company, instead of against plaintiff, created a right to greater interest is not supported either by logic or by law.

Section 284(a) of the Revenue Act of 1926 (44 Stat. 9, 66) provides in part:

"Where there has been an overpayment of any income, war-profits, or excess-profits tax * * * the amount of such overpayment shall, except as provided in subdivision (d), be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer."

The overpayment of taxes with which we are here concerned was an overpayment by the plaintiff, but the Youngstown Sheet & Tube Company became exclusively entitled thereto under the terms of the bill of sale. As a matter of form it was required that the overpayment should be refunded to the plaintiff, but this was for immediate transmission to the Youngstown Sheet & Tube Company, and the Youngstown Sheet & Tube Company had the right to enforce payment of this amount by suit instituted in the name of the Brier Hill Steel Company. There was, then, an overpayment due the Youngstown Sheet & Tube Company for 1917 and 1918, and there was a deficiency due by it for the years 1916, 1917, and 1920. The statute just quoted provides for the crediting of the overpayment against the deficiency and for the refund of the balance.

It is evident the plaintiff would have included its claim for refund of the overpayment among the assets transferred except for R.S. § 3477, 31 U.S.C.A. § 203,

prohibiting assignment of claims against the United States. What it did was to transfer its claim so far as this statute permitted. Had it been possible to have made a legal assignment of it and had this been done, there would seem to be but little doubt that the sections above referred to would require the overpayment to be credited against the deficiency, and for the payment of interest on the overpayment only until the due date of the deficiency. There was no legal assignment of the claim for the overpayment, but there was an equitable assignment, and the overpayment, in fact, was due the Youngstown Sheet & Tube Company.

It seems to us the most the Youngstown Sheet & Tube Company, or the plaintiff for it, can demand of the United States is that which the United States has already granted, to wit, interest on the overpayment from the date of the overpayment only until the due date of the taxes against which they were applied.

The second issue concerns interest on another part of the overpayment for the years 1918 and 1919. After the $686,-288.71 had been used to offset plaintiff's deficiency for 1916, 1917, and 1920, there remained a balance of $491,371.43. Of this amount $50,747.12, plus interest thereon, was applied to settle the liability of the Youngstown Sheet & Tube Company, as transferee of the Steel & Tube Company of America, for an assessment of taxes due by the latter for 1920. The controversy is over the computation of interest on this amount. The plaintiff claims interest in the amount of $47,194.82; the defendant allowed interest of $20,697.07. The plaintiff computes interest from the date of the overpayment until the date it was applied as a credit to the taxes due. The defendant computed the interest as follows: (1) on the amount of the overpayment used to discharge the deficiency in tax, $34,386.86, from the date of the overpayment to the due date of the tax, December 15, 1921; (2) on the amount of the overpayment used to discharge interest on a late payment of the original tax of the Steel & Tube Company of America, $411.-36, from the date of the overpayment to the date the liability for interest was satisfied, which was on December 16, 1927; and (3) on the amount of the overpayment used to discharge interest on deficiencies in tax of the Steel & Tube Company of America, $15,948.90, from the date of the overpayment until the date it was used to pay this interest, which was on October 19, 1934. The interest allowed on item (1) of the overpayment was $5,648.86, item (2), $215.73, and item (3), $14,832.48, a total of $20,697.07.

The only possible complaint the plaintiff can have about this computation of interest is that computed on that part of the overpayment which was applied in satisfaction of the tax liability, as distinguished from that part of it used to satisfy the interest. Interest on the part of the overpayment used to discharge the liability for interest was allowed to the date it was used to satisfy this liability. The plaintiff could not ask that it be computed for a longer time.

Interest on the part of the overpayment used to discharge the liability for taxes was allowed only to the due date of the taxes. We think this was correct.

The overpayment was in fact due the Youngstown Sheet & Tube Company through the medium of the plaintiff. Section 284(a) supra, provides for crediting an overpayment due a taxpayer against other taxes due by it. Under section 280, supra, it owed the taxes due by the Steel & Tube Company of America, as its transferee. Section 614, supra, provides for computing interest on an overpayment from the date of overpayment until the due date of the taxes against which they were credited. The interest was so computed.

The Youngstown Sheet & Tube Company recognized the propriety of offsetting the Brier Hill Steel Company's overpayment against its liability as transferee of the Steel & Tube Company of America. When it received notice of the assessments on account of the deficiency due by the latter company, it wrote the Commissioner requesting "that the deficiency of $61,194.-95 which is now being demanded from the Youngstown Sheet & Tube Company [as the transferee of Steel & Tube Company of America] be paid and absorbed by a credit of that sum against the overpayment resulting from the settlement made in regard to the Brier Hill interests of the Youngstown Sheet & Tube Company * * *."

The reason Congress agreed to pay interest only until the due date of the deficiency against which it was credited was that prior to 1926 deficiencies did not bear interest and, therefore, the defendant, quite reasonably, was unwilling to pay

interest on what it owed a taxpayer if the taxpayer at the same time owed it an equal amount which did not draw interest. Hence, it agreed to pay interest only during the time the taxpayer was not indebted to it.

In the case at bar the defendant was indebted to the Youngstown Sheet & Tube Company in fact, if not in name, for an overpayment of taxes for 1918 and 1919. The Youngstown Sheet & Tube Company became indebted to the defendant for taxes due for 1920. For what reason should the defendant pay interest on what it owed the Youngstown Sheet & Tube Company after the date the Youngstown Sheet & Tube Company became indebted to it in an equal amount? And what difference does it make in what way the Youngstown Sheet & Tube Company became indebted to the defendant, whether on its own account or by reason of an assumption of a liability of another? The material fact is that there were cross accounts, an indebtedness from the Youngstown Sheet & Tube Company to the defendant, and an indebtedness from the defendant to the Youngstown Sheet & Tube Company. Certainly interest should be paid only to the date the defendant's indebtedness was offset by the Youngstown Sheet & Tube Company's indebtedness to it. Interest was computed by the defendant to this date. This is all the Youngstown Sheet & Tube Company was entitled to. Neither it nor the plaintiff for it can demand more.

Moreover, it appears that plaintiff has not been denied the interest it says is due on the basis of a computation treating the corporations as separate and unrelated entities. In its brief it sets out its computation of interest on the overpayment. It computes this interest from the date of the overpayment, March 19, 1919, to the date it was applied to discharge the deficiency, which was on September 19, 1934, a total amount of $47,194.82, which added to the principal amount of the overpayment equals $97,941.94. Plaintiff says that the deficiency of the Steel & Tube Company of America, with interest from its due date to the date the overpayment was applied against it, only amounted to $61,194.95, and, therefore, that it has not been paid interest in the amount of $36,746.99, the difference between the total of the overpayment and interest and the amount of the deficiency and interest. But plaintiff overlooks an amount of interest due by the Youngstown Sheet & Tube Company, as the transferee of the Steel & Tube Company of America, on other delinquent payments, as set out in finding 19. This finding shows that there was due interest from the Youngstown Sheet & Tube Company, as the transferee of the Steel & Tube Company of America, in the amount of $37,057.33 on three delinquent payments. Plaintiff's computation leaves this interest unsatisfied, and it exceeds the balance which plaintiff claims is due. Even though plaintiff's position be correct, and the defendant were required to pay plaintiff this balance of interest claimed to be due, the defendant could immediately assert a claim for the deficiency in interest due by the Youngstown Sheet & Tube Company, and one would offset the other; in fact, according to plaintiff's calculation, the Youngstown Sheet & Tube Company owes the defendant $310.34 more interest than the defendant owes the plaintiff.

Plaintiff has received credit for all to which it is entitled according to its own calculation of the amount due.

The third and last issue discussed in plaintiff's brief for additional interest in the sum of $9,309.75 was not raised in plaintiff's pleadings and, therefore, is not before us for consideration.

It may be said that no issue is made as to the computation of interest on the balance of the overpayment of $440,624.31. On this the Commissioner allowed interest in the amount of $495,527.30, computed for a period evidently satisfactory to plaintiff.

Defendant also raises the defense of the statute of limitations, but in view of our opinion on the merits it is not necessary to discuss this issue.

The plaintiff's petition will be dismissed. It is so ordered.